ALEXANDER v. RAPKIN.

(Supreme Court, Appellate Term, First Department. June 18, 1914.)

1. LANDLORD AND TENANT (§ 297*)—SUMMARY PROCEEDINGS—DEFENSES.

It is a defense to summary proceedings that no personal demand for rent was made on the tenant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1284–1291; Dec. Dig. § 297.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. LANDLORD AND TENANT (§ 298*)—SUMMARY PROCEEDINGS—ISSUES.

In summary proceedings, where the tenant claimed that the amount due him from the landlord for his services as janitor exceeded the amount of the installment of rent due, the tenant was entitled to have that defense submitted.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1276–1280; Dec. Dig. § 298.*]

3. LANDLORD AND TENANT (§ 296*)—SUMMARY PROCEEDINGS—DEFENSES.

In summary proceedings, evidence by the landlord, to rebut a plea of surrender, that subsequent to the alleged surrender he obtained a final order in summary proceedings, showed a termination of the lease, so that he was not entitled to maintain a second summary proceeding.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1272–1275, 1283; Dec. Dig. § 296.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Summary proceedings by Selma Alexander against Scholm Rapkin, sued as Sam Rapkin. From a final order for plaintiff, defendant appeals. Reversed and remanded.

Argued June term, 1914, before SEABURY, BIJUR, and PAGE, JJ.

Jacob M. Leibner, of New York City, for appellant.

Bernard Alexander, of New York City, for respondent.

BIJUR, J. The petition is in the usual form. Among the defenses interposed, in addition to the general denial, are surrender and a money claim for services as janitor, which is set forth both as a counterclaim and as a defense.

[1] The case appears to have been tried rather informally, and the record is not very clear; but it appears sufficiently that no personal demand for the rent had been made upon the tenant, and he was, therefore, entitled to a dismissal of the petition.

[2] It is also clear that the rent was payable semimonthly, and the amount claimed by the tenant to have been due him was greater than the semimonthly rent due when the petition was filed, or at the time of the alleged demand; hence the tenant was entitled to have this defense presented to the jury.

[3] Finally, the landlord, apparently to negative the plea of surrender, showed that subsequent to the alleged surrender he had obtained a final order in summary proceedings, and he claimed that this conclusively established the relationship of landlord and tenant at the time of the surrender. But the same evidence indicated that the lease had by that final order been terminated. Consequently the present proceedings, brought under the same lease, could not be maintained.

Order reversed, and new trial granted, with costs to appellant to abide the event. All concur.